IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TERRI TOMLINSON,

    Plaintiff,

vs.

COMBINED UNDERWRITERS LIFE
INSURANCE COMPANY, et al.,

    Defendants.

Case No. 08-CV-259-TCK-FHM

**OPINION AND ORDER**

Plaintiff's Motion to Compel [Dkt. 16] is before the undersigned United States Magistrate Judge. The matter has been fully briefed and is ripe for decision.

Plaintiff seeks an order compelling the production of a Timeline/Summary identified on the privilege log of Defendant, Texas International Life Insurance Company's (TILIC). Plaintiff asserts that the privilege log is deficient in that it did not identify the author of the document, whether the author is a lawyer, and the recipient of the document. Plaintiff argues the Timeline/Summary pertains to whether Defendant timely removed the action to federal court and she has no other method to discover the information contained therein. She further argues that to the extent a privilege applies, it has been waived by virtue of Defendants position on the removal issue and that Defendant therefore waived the attorney client privilege because it did not assert that privilege on the privilege log.

Plaintiff filed this action in state court on May 9, 2007. [Dkt. 16-2]. The Timeline/Summary was created after the commencement of this action on November 27, 2007, at the behest of Frank Thompson, Executive Vice-President and Chief Financial Officer of TILIC to be sent to TILIC's attorney to assist the attorneys in the provision of legal services to TILIC. [Dkt. 25-3]. LCvR26.4 addresses the creation of privilege logs and

"requires preparation of a privilege log with respect to all documents withheld on the basis of a claim of privilege or work product protection except the following: written communications between a party and its trial counsel after commencement of the action and the work product material created after commencement of the action." LCvR26.4(b).

The Court finds that the Timeline/Summary qualifies both as attorney client communications and work product material that was created after commencement of this action. Therefore the Timeline/Summary was exempt from inclusion on the privilege log under LCvR26.4(b). Consequently there was no waiver of any privilege by virtue of the information that was omitted from the privilege log. Further, to the extent that the Timeline/Summary constitutes work product, Plaintiff has not demonstrated that obtaining the substantial equivalent by other means would work undue hardship on her. Fed.R.Civ.P. 26(b)(3)(A)(ii). In this regard, the Court notes that TILIC has identified the person who prepared the Timeline/Summary. [Dkt. 25-3, p.2].

Based on the foregoing analysis, Plaintiff's Motion to Compel [Dkt. 16] is DENIED.

SO ORDERED this 22nd of August, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

2