# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TERRI TOMLINSON,

    Plaintiff,

vs.

COMBINED UNDERWRITERS LIFE INSURANCE COMPANY, et al.,

    Defendants.

Case No. 08-CV-259-TCK-FHM

## OPINION AND ORDER

Defendant's Motion to Compel [Dkt. 33] is before the undersigned United States Magistrate Judge for decision. Defendant's motion seeks an order compelling Plaintiff to "fully and non-evasively respond to the interrogatories and requests for production at issue, provide a release of protected health information, and pursuant to Rule 37 assess against Plaintiff its costs, including reasonable attorney's fees, incurred as a result of Plaintiff's failure to respond to the Discovery Requests." [Dkt. 33, p. 27].[1] Defendant's Motion is GRANTED in part and DENIED in part as set forth herein.

The Court finds that with the exception noted below, Defendant's discovery requests are directly related to the facts of the case, are clearly stated and do not appear to be burdensome. However, for the most part Plaintiff's responses to Defendant's discovery requests do not provide any information about Plaintiff's claims or the facts of the case. Instead, Plaintiff asserted boilerplate objections to the discovery requests. Every one of Plaintiff's answers contains some combination of the terms: overly broad; unduly burdensome; vague; ambiguous; or harassing. Yet, in her Response to the Motion to

---

[1] All citations to the record reflect the page number assigned by the CM-ECF docketing system, since the CM-ECF system counts unnumbered cover pages and preliminary pages (i, ii, etc.) the docket reference may not necessarily be the same as the page number printed at the bottom of the document.

Compel Plaintiff did not attempt to demonstrate that those objections were justified by relating the objections to the specific facts of this case.

Counsel for Plaintiff are advised that unsupported objections as provided in this case are not acceptable. They evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. They come close to violating the requirement of Fed.R.Civ.P. 26(g)(1)(B) that every objection is warranted by existing law or a nonfrivolous legal argument and not interposed for delay. In addition, because objections to the wording of a discovery request are usually resolved by phone calls or meetings between counsel, the objection that a discovery request is vague or ambiguous calls into question whether the required meet and confer was conducted in good faith. Furthermore, when discovery responses are provided "subject to" boilerplate objections without regard to the applicability of those objections, it is unclear whether the discovery request has received a complete response.

The Court finds that Plaintiff's reference to documents in answer to Interrogatory Nos. 1, 3, 4, and 5 does not sufficiently answer those interrogatories. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed.R.Civ.P. 33(a)(2).[2] Plaintiff is required to give specific, non-evasive, narrative answers to those interrogatories.

---

[2] A difficulty can arise with so-called "contention" interrogatories when a party is asked to identify *all* persons with knowledge or *all* facts or *all* documents in a complicated case. Such interrogatories have the potential of creating an atmosphere where a lawsuit related to discovery can develop when one party believes the duty to supplement has not been met. Although Defendant used the word "all" in some of the discovery requests, Plaintiff has not demonstrated that this case is so complicated or so document intensive that responding to those requests is overly burdensome.

2

The Court finds that Plaintiff has waived her privacy interest in her medical treatment for cancer to the extent that Defendant is entitled to obtain the information sought by its discovery requests. Since Plaintiff claims "mental pain and suffering" [Dkt. 48, pp. 2, 16], the Court finds she has also waived her privacy interest in any mental health treatment she may have received coincident with her treatment for cancer and Defendant's denial of her claims. Plaintiff is required to authorize Defendant to obtain information directly from her health care providers.[3] However, the authorization must be limited to a reasonable range of dates as hereafter discussed and may not include any provision giving Defendant permission to engage in *ex parte* communication with Plaintiff's health care providers.

Interrogatory No. 8 seeks identification of Plaintiff's health care providers for the past 10 years. The Court finds that while identification of Plaintiff's health care providers is a reasonable request, there has been no showing that the 10 year time frame is reasonable. Counsel are hereby directed to confer in good faith to determine whether a shorter period of time would suit the needs of the case under Fed.R.Civ.P. 26(b)(2)(C)(iii). If counsel are unable to reach an agreement about the time frame, a joint application for a hearing on that matter should be filed. Plaintiff's responses to the remaining discovery requests and the undisputed time frame must be supplied without regard to whether a dispute exists over a portion of the requested time frame.

The undersigned rejects the collateral source rule as a basis to avoid disclosure of information concerning insurance coverage for Plaintiff's cancer treatment. Whether the

---

[3] The Court notes that Plaintiff stated she "has no objection to an order authorizing Defendants to obtain copies of her medical records related exclusively to her damage claims in this action for [a] two year period." [Dkt. 48, p. 17]. Had the parties fully participated in a good faith meet and confer, the motion to compel would target the question of whether that period of time is sufficient, rather than the broader question of whether the information is discoverable at all.

collateral source rule will operate to bar the admission of such evidence at trial is a different question from whether the insurance information is discoverable. Given the existence of Plaintiff's suit against another insurer in Tulsa County District Court for claims similar to the ones asserted in this case, [Dkt. 50-2], the request for discovery of other insurance coverage falls within the broad scope of discovery as that information is related to damages.

The Court rejects the assertion that Request for Production No. 6 seeks information that is privileged from disclosure by Plaintiff under 36 Okla. Stat. §§ 306, 307. Request for Production No. 6 asks for documents reflecting communication between Plaintiff and the Oklahoma Department of Insurance. Sections 306 and 307 address the handling of documentation by the Department of Insurance and the Insurance Commissioner, they do not address the discovery of information in Plaintiff's possession.

Plaintiff has responded to Request for Production Nos. 2, 3, 4, 5, 6, and 15 by referring Defendant to the claim file previously produced by Defendants, TILIC1 - TILIC 177. If there are no responsive documents other than the ones listed, Plaintiff shall so state in a response signed in compliance with Fed.R.Civ.P. 26 (g). Otherwise, Plaintiff is required to fully respond to the requests and to produce a privilege log for documents withheld under a claim of privilege.

Aside from the assertion of a boilerplate objection, Plaintiff provided an acceptably complete answer to Interrogatory No. 6. Further details may be explored by means of deposing Plaintiff.

The use of the medical and financial information disclosed in this case is hereby limited to use by counsel and expert witnesses in this case only.

Defendant's request for the reasonable expenses of making this motion, including attorney fees is denied without prejudice. The Court expects discovery requests to be answered fully and completely in accordance with the Federal Rules of Civil Procedure. If future discovery is not conducted in that manner, Defendant may re-assert its request for expenses under Fed.R.Civ.P. 37(a)(5).

Defendant's Motion to Compel [Dkt. 33] is GRANTED in Part and DENIED in Part.

Plaintiff is hereby ordered to provide responses to Defendant's discovery requests as provided in this Order on or before Friday October 31, 2008. Counsel are required to meet and confer with respect to a reasonable time frame and to file the joint application for hearing discussed herein on or before October 31, 2008. Should questions arise about the scope of this Order, the parties are encouraged to employ the procedure for expedited discovery hearings set out in LCvR 37.2(b).

SO ORDERED this 16th day of October, 2008.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE