IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TERRI TOMLINSON,

          Plaintiff,

vs.

COMBINED UNDERWRITERS LIFE
INSURANCE COMPANY, et al.,

          Defendants.

Case No. 08-CV-259-TCK-FHM

**OPINION AND ORDER**

Plaintiff's Motion to Compel Compliance with Subpoenas [Dkt. 176] is before the undersigned United States Magistrate Judge for decision. Plaintiff's Motion to Compel [Dkt. 176] is DENIED.

Plaintiff's Motion to Compel seeks an order requiring, *inter alia*, production of unredacted copies of the law firm billing statements that Defendant Actuarial Management Resources (AMR) has offered in support of its Motion for Attorney Fees, [Dkt. 146], and supplement thereto, [Dkt. 167]. AMR argues against production of unredacted billing statements, claiming that the redacted information is protected as work-product, or by the attorney-client privilege.

The content of the attorney billing statements is relevant only because the statements have been submitted to support AMR's request for fees. As an applicant for an award of attorney fees, AMR has the burden of proving the number of hours sought were reasonably expended for the legal tasks for which fees are sought. *Malloy vs. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). To satisfy its burden, AMR must prove the reasonableness of the number of hours for which an award is requested "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are

sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243,1250 (10th Cir. 1998) citing *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983).

The attorney billing statements submitted by AMR, [Dkt. 147-3, 167-3], do not meet the standard required to support an attorney fee award. They have been redacted so as to eliminate practically all references to the subject matter or issue being researched or addressed, and the document being prepared, reviewed, or revised. In other words, the redactions render the fee request essentially unsupported because the redactions deprive the court of the ability to determine whether the time spent on a particular task was reasonable. The redactions also deprive Plaintiff of sufficient information to enable Plaintiff to formulate a reasoned objection.

Since the redacted billing statements do not provide sufficient support for the fee request, the fee request may be denied to the extent that it relies upon the redacted billing entries. Plaintiff's Motion to Compel is being denied at this time because the information Plaintiff seeks should be provided without the necessity of an order compelling production of that information. To be clear, Plaintiff's Motion to Compel is not being denied on the basis that Plaintiff is not entitled to the information, or because Plaintiff's motion is deficient in any respect. It is AMR's responsibility in the first instance to provide detailed information to support its application for attorney fees.

Furthermore, the court is not persuaded by AMR's arguments that the information redacted from the billing statements constitutes protected attorney-client communication or work product. In reviewing the billing statements, the court notes that the redacted

Case 4:08-cv-00259-TCK-FHM   Document 189 Filed in USDC ND/OK on 07/29/09   Page 3 of 3

information appears to be of the type that is routinely included in billing statements appended to fee requests.  It does not appear that the billing statements contain professional advice or opinion or the mental impressions, conclusions, opinions, or legal theories of an attorney.[1]

Plaintiff's Motion to Compel [Dkt. 176] is DENIED.  AMR is not *required* to produce any additional information in support of its attorney fee request.  AMR is, however, advised that the billing statements submitted in support of its motion for attorney fees are insufficient to support its request for an award of fees.

AMR is hereby granted until August 12, 2009, to submit a properly supported fee request, revise its fee request to eliminate those hours that are not supported, or to advise the court that it intends to stand on the current application.

Plaintiff's response to the fee request is due on or before August 28, 2009.

SO ORDERED this 29th day of July, 2009

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] If any of the billing entries indeed actually contain information that might be properly protected from disclosure, it is plainly evident that AMR has not been careful in to limit its redactions to only such information as is possibly subject to protection.  For example, it is highly doubtful that the redacted portion of the following entries reveal protected information:

    7/01/08    Revising of [    ]

                                      *   *   *

    7/01/08    Receipt and review of [    ]

[Dkt. 167-3, p. 16].

    7/02/08    Conference with S. Bulleigh regarding [    ]

                                      *   *   *

    7/02/08    Research regarding issue for [    ]

[Dkt. 167-3, p. 17].

    7/07/08    Review and analysis of [    ]

[Dkt. 167-3, p. 18].