# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRI TOMLINSON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 08-CV-259-TCK (FHM) |
| COMBINED UNDERWRITERS LIFE INSURANCE COMPANY, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion for Choice of Law Determination (Doc. 31) filed by Defendants Citizens, Inc. Financial Group ("Citizens"), Citizens Insurance Company of America ("CICA"), and Citizens National Life Insurance Company ("National") (collectively "Citizens Defendants").

## I.     Background

This case arises out of a dispute concerning claims submitted under a Cancer and Dread Disease Insurance Policy issued to Plaintiff Terri Tomlinson ("Plaintiff"). On May 9, 2007, Plaintiff filed suit in the District Court for Tulsa County, asserting claims for breach of contract, bad faith, and negligence against Defendants Combined Underwriters Life Insurance Company, Citizens, CICA, National, Texas International Life Insurance Company, Actuarial Management Resources, Inc., and Austin (collectively "Defendants").[1]  Plaintiff's Petition also asserts that:

> The relationship among the Defendants is merely a corporate sham and illusion, and one or more of the Defendants is merely the agent, adjunct, and alter ego of one or more of the remaining Defendants. By virtue of the overwhelming control exerted

---

[1] Plaintiff later stipulated to dismissal of her negligence claim. (*See* Doc. 54.) Plaintiff also conceded the summary judgment motion of Defendant Actuarial Management Resources, Inc. (*See* Docs. 77, 107, & 131.)

> over the other entities, the separate corporate veils of the entities should be pierced and disregarded for purposes of this litigation. Defendants should be treated as one entity for purposes of liability in this action, and all should be held liable for the contractual obligations and torts of their alter egos.

(Pet. § VIII.) Plaintiff's Petition claims compensatory damages in excess of $10,000 and punitive damages in excess of $10,000. (*See* Pet. 4.) This action was removed on May 2, 2008 based on diversity jurisdiction. (*See* Notice of Removal 3.) Thereafter, the Court granted Plaintiff's motion to add Defendant Austin Insurance Management ("Austin") as a party to this suit, and Plaintiff subsequently filed an Amended Complaint adding Austin as a Defendant. No changes were made to Plaintiff's substantive claims.

**II.    Analysis**

Citizen Defendants move the Court for a summary declaration that Plaintiff's derivative liability claims be governed by the state of incorporation of each respective Defendant. Specifically, Citizen Defendants seek an Order stating that: (1) Plaintiff's claims to pierce the corporate veils of Citizens and CICA are governed by Colorado law because Citizens and CICA are both incorporated in Colorado; and (2) Plaintiff's claim to pierce the corporate veil of National is governed by Texas law, as National is incorporated in Texas. (Mot. for Choice of Law Determination 1.) Plaintiff objects, arguing that the Court should instead apply Oklahoma law to all of her derivative liability claims.

Because this is a diversity action, the choice of law is determined by the laws of the forum state. *Elec. Distrib. Inc. v. SFR, Inc.*, 166 F.3d 1074, 1083 (10th Cir. 1999) ("[I]n making a choice of law determination, a federal court sitting in diversity must apply the choice of law provisions of the forum state in which it is sitting."). It appears, however, that Oklahoma courts have not yet addressed the issue of what state's law to apply in determining whether to pierce a corporate veil,

as neither the parties nor the Court were able to locate such authority.  The Court must therefore decide the conflict of law issue as it believes the Oklahoma Supreme Court would decide it.  *See Wammock v. Celotex Corp.*, 835 F.2d 818, 820 (11th Cir. 1988) (stating that "in the absence of controlling precedent, [the federal court sitting in diversity jurisdiction] must nonetheless decide . . . issues as [it] believe[s]  [the state] court would decide [them]") (internal citations omitted); 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4507 (2d ed. 1996) ("*Federal Practice & Procedure*") ("[T]he federal court must determine issues of state law as it believes the highest court of the state would determine them . . . .") ("If there are no holdings from state courts, high or low, or another federal court, on the matter that the federal court is to decide, it must look for other indicia of state law.")  In undertaking such an analysis, a court may consider, *inter alia*, Restatements of Law, treatises, decisions from other jurisdictions, and the majority view of other states.  *See Federal Practice and Procedure* § 4507.

The Court first looks to Restatement (Second) of Conflicts of Laws, which provides as follows: "The local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation for assessments or contributions and to its creditors for corporate debts."  Restatement (Second) of Conflicts of Laws § 307 (1971) ("§ 307").  Many jurisdictions have cited § 307 as indicating that the law of the state of incorporation governs veil piercing claims.  *See, e.g., Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132-133 (2d Cir. 1993) ("Texas substantive law applies to this alter ego claim because Texas is the place of Circle K's incorporation") (citing § 307  for proposition that law of the state of incorporation determines when veil is pierced); *Echostar Satellite Corp. v. Ultraview Satellite, Inc.*, No. 01-cv-00739, 2009 WL 1011204, at *7 (D. Colo. April 15, 2009) (stating "[t]he Restatement provides that the law of

3

the state of incorporation sets the standards for piercing the corporation's veil" and citing § 307 in support of this assertion); *In re World Vision Entertainment, Inc.*, 275 B.R. 641, 662 (M.D. Fla. 2002) (citing § 307 in support of application of law of state of incorporation); *Autrey v. 22 Texas Serv. Inc.*, 79 F. Supp. 735, 740 (S.D. Tex. 2000) ("The Court looks to the law of the state of incorporation for each corporate Defendant to determine whether its corporate entity should be disregarded.") (citing § 307); *Dassault Falcon Jet Corp. v. Oberflex, Inc.*, 909 F. Supp. 354, 348 (M.D.N.C. 1995) (stating that § 307 applies law of state of incorporation to veil-piercing issues); *Select Creations, Inc. v. Paliafito Am., Inc.*, 852 F. Supp. 740, 774 (E.D.Wis. 1994) ("A court applies the law of the state of incorporation of the controlled corporation to determine whether the corporate form should be disregarded") (citing § 307); *Realmark Inv. Co. v. Am. Fin. Group*, 171 B.R. 692, 694-95 (N.D. Ga. 1994) (citing § 307 in support of application of state of incorporation's law in veil piercing claim).

Although, as noted above, Oklahoma courts have not addressed application of § 307 in the veil-piercing context, Oklahoma courts have previously followed other provisions of the Restatement (Second) of Conflicts of Laws. *See, e.g., Beard v. Vine*, 826 P.2d 990, 994-95 n.10 (Okla. 1992) (noting "well-settled rule that courts of sovereign state may enforce the laws of another sovereign state" and citing Restatement (Second) of Conflicts of Laws § 100 in support); *In re Allen A. Atwood Trust*, 23 P.3d 309, 312 (Okla. Civ. App. 2001) (applying Restatement (Second) of Conflicts of Laws § 275). Because Oklahoma courts have followed the Restatement (Second) of Conflicts of Laws in other circumstances, Defendants argue that the Oklahoma Supreme Court would apply § 307 in this case and find that the law of the state of incorporation applies to derivative liability claims. Plaintiff has cited no cases indicating that the Oklahoma Supreme Court would

disregard § 307 in determining which state law to apply. Accordingly, based on citation to Restatement (Second) of Conflicts of Laws in other circumstances, the Court finds that the Oklahoma Supreme Court would follow § 307 in holding that the state of incorporation's law applies to issues of piercing the corporate veil. *See Dassault*, 909 F. Supp. at 349 (finding it "significant that North Carolina [had] adopted other portions of the Restatement (Second) of Conflict of Laws" in deciding that, in the absence of direct authority as to this choice of law issue, North Carolina courts would follow § 307); *Realmark*, 171 B.R. at 695 (finding that although Georgia courts had not yet addressed what state's law to apply in veil piercing claims, Georgia courts had previously followed the Restatement (Second) of Conflicts of Laws, indicating that Georgia courts would apply law of state of incorporation, as directed in § 307).

Further supporting the Court's conclusion is the fact that the majority of jurisdictions addressing this question have also applied the law of the state of incorporation to veil-piercing issues. *See, e.g., Alli v. United States*, 83 Fed. Cl. 250, 276 (Fed. Cl. 2008) ("When a court considers disregarding the corporate entity, *i.e.* 'piercing the corporate veil,' the court applies the law of the state of incorporation.") (internal citations omitted); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 378 (7th Cir. 2008) (noting that under both Texas and Illinois law, "the law of the state of incorporation governs [veil piercing claims]"); *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 647 (5th Cir. 2002) (finding that Louisiana courts would conclude that the law of the state of incorporation governs the determination of when to pierce a corporate veil); *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (stating that, under New York law, the law of the state of incorporation determines when the corporate form will be disregarded); *Guinan v. A.I. duPont Hosp. for Children*, 597 F. Supp. 2d 485, 495 (E.D.Pa. 2009) ("Pennsylvania

5

courts apply the internal affairs doctrine, which 'holds that courts look to the law of the state of incorporation to resolve issues involving the internal affairs of a corporation" and therefore applying law of state of incorporation to veil piercing claim); *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 359 F. Supp. 2d 497, 501 n.6 (E.D.Va. 2005) (stating that "[u]nder Virginia law, the law of the state of incorporation determines whether the corporate veil may be pierced"); *In re Bridge Information Sys., Inc.*, 325 B.R. 824, 830-31 (E.D.Mo. 2005) (stating that Missouri applies the law of the state of incorporation to veil piercing claims); *see also* 1 William M. Fletcher, *Fletcher Cyclopedia of the Law of Corporations* § 41.90 ("Although the choice of which state's law to apply in a diversity case is determined by the law of the forum state, it has been stated that the state of incorporation has the greater interest in determining when and if the corporate veil should be pierced."). The Court is accordingly persuaded that the Oklahoma Supreme Court would follow § 307 and the weight of authority holding that the law of the state of incorporation determines whether a corporate veil may be pierced.[2]

---

[2] In support of her position that Oklahoma should apply to the veil piercing issues presented, Plaintiff outlines the choice of law rules in tort and contract actions under Oklahoma law. (*See* Resp. to Mot. for Choice of Law Determination 5-10.) The Court agrees with Citizens Defendants, however, that this analysis "misses the point" because Citizens Defendants "are not asking the [C]ourt to apply the [law of the state of incorporation] to the question of whether one or more of the [D]efendants committed bad faith, breach of contract or negligence. Rather, [Citizens Defendants] ask the [C]ourt to apply the [law of the state of incorporation] to the question of whether any of the [D]efendants may be vicariously liable for the contractual obligations and torts of other [D]efendants." (Reply in Support of Mot. for Choice of Law Determination 2); *see* 1 William M. Fletcher, *Fletcher Cyclopedia of the Law of Corporations* § 41.10 (stating veil-piercing claims are not claims for substantive relief, but "merely furnis[h] a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation").

### III. Conclusion

For the reasons stated herein, Defendants Citizens, CICA, and National's Motion for Choice of Law Determination (Doc. 31) is GRANTED.[3]

ORDERED this 21st day of AUGUST, 2009

*/s/ Terence Kern*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

[3] Although Defendant Austin did not join in the filing of this motion, Austin incorporated the Motion for Choice of Law Determination in its Motion to Dismiss. (*See* Austin's Mot. to Dismiss 5.)  The Court's ruling therefore applies to any derivative liability claims that involve Austin, as well as those against Citizens Defendants.