UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRI TOMLINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-259 TCK FHM |
| ) | |
| COMBINED UNDERWRITERS LIFE ) | |
| INSURANCE COMPANY, CITIZENS, ) | |
| INC.; THE CITIZENS, INC. ) | |
| FINANCIAL GROUP; CITIZENS ) | |
| INSURANCE COMPANY OF ) | |
| AMERICA; CITIZENS NATIONAL ) | |
| LIFE INSURANCE COMPANY; ) | |
| TEXAS INTERNATIONAL LIFE ) | |
| INSURANCE COMPANY; and ) | |
| ACTUARIAL MANAGEMENT ) | |
| RESOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO RECONSIDER
AND BRIEF IN SUPPORT**

COMES NOW Plaintiff, Terri Tomlinson, pursuant to Federal Rule of Civil Procedure 60 and moves this Court to Reconsider its Opinion and Order (Doc. No. 198) entered on August 21, 2009 concerning Defendants' Motion for Choice of Law Determination (Doc. No. 31). In support of her Motion, Plaintiff would show the Court as follows:

**I. BACKGROUND**

1. On May 9, 2007, Plaintiff brought this action in the District Court for Tulsa County asserting claims including breach of contract, bad faith, and derivative liability among all Defendants.

2. On May 2, 2008, Defendants removed this action to the instant Court.

3. On August 15, 2008, Defendants filed their Motion for Choice of Law Determination (Doc. No. 31) arguing this Court should apply the law of a Defendant's state of incorporation to the Plaintiff's veil piercing derivative liability claims.

4. On August 21, 2009, the Court granted Defendants' Motion and concluded the veil piercing analysis provided by Texas and Colorado law would govern Plaintiff's veil piercing claims against Defendant Citizens National Insurance Company, and Defendants Citizens, Inc. Financial Group and Citizens Insurance Company of America, respectively. (Doc. No. 198).

## II. ARGUMENT AND AUTHORITIES

### A. TEXAS AND COLORADO VEIL PIERCING LAW IMPOSES A MORE ONEROUS BURDEN ON PLAINTIFF THAN OPKLAHOMA LAW, AND WILL VIOLATE ARTICULATED OKLAHOMA PUBLIC POLICY

**1. TEXAS VEIL PIERCING LAW.**

Under Texas law, a court will "disregard the corporate fiction, even though corporate formalities have been observed and corporate and individual property have been kept separately, when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1987) (*Castleberry* has been limited by V.A.T.S. Bus. Corp. Act, Art. 2.21, which limits veil piercing in cases involving contractual obligations in which a claimant seeks to hold a shareholder liable for a corporate obligation). [1]

---

[1] Pursuant to Article 2.21, a shareholder is under no obligation to creditors of the corporation with respect to any contractual obligation of the corporation or any matter relating to or arising from the contractual obligation on the basis that the shareholder was the alter ego of the corporation, unless the creditor demonstrates that the shareholder caused the corporation to be

2

> Specifically, courts disregard the corporate fiction in tort cases in six general instances:
> (1) when the fiction is used as a means of perpetrating fraud;
> (2) where a corporation is organized and operated as a mere tool or business conduit of another ...;
> (3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;
> (4) where the corporate fiction is employed to achieve or perpetrate monopoly;
> (5) where the corporate fiction is used to circumvent a statute; and
> (6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.

*Wilson v. Davis*, ___ S.W.3d ___, 2009 WL 2526439 (Tex. App.- Houston, 1st Dist.)

Each of the identified bases involve some type of abuse that the corporate structure should not shield- "fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like." *Id*.

Of course, the Defendants would prefer that Plaintiff be required to prove fraud in order to pierce the corporate veil, although in no way does Ms. Tomlinson concede this point. There may be other avenues available under Texas law to pierce the corporate veil without showing fraud. (*see Wilson* and *Castleberry, supra*). However, for purposes of this Motion it is clear that the position of the Defendants is that Plaintiff must show that a shareholder caused an alter ego to be used to perpetrate fraud and that the shareholder did in fact, through the alter ego, perpetrate an actual fraud. (Defendant Austin Insurance Management's Motion for Summary Judgment and Brief in Support, p. 9, Doc. No. 192)

## 2. COLORADO VEIL PIERCING LAW.

Under Colorado law, veil piercing is allowed in extraordinary circumstances. Initially, a plaintiff must establish that the corporation is an alter ego of a shareholder. Second, the court must

---

used for the purpose of perpetrating and did perpetrate an actual fraud on the creditor primarily for the direct personal benefit of the shareholder.

3

determine that justice requires recognizing the substance of the relationship between the shareholder and corporation over the form because the corporate fiction was "used to perpetrate a fraud or defeat a rightful claim." Only when the corporate form was used to shield a dominant shareholder's improprieties may the veil be pierced. Third, the court must find that an equitable result be achieved by disregarding the corporate form and holding the shareholder personally liable for the acts of the business entity. Finally, the evidentiary standard applied to these requirements is that of clear and convincing evidence. *See generally, Contractors Heating and Supply Co. v. Scherb*, 432 P.2d 237 (Colo. 1967); *Micciche v. Billings*, 727 P.2d 367 (Colo. 1986); *Phillips v. Englewood Post No. 322, VFW*, 139 P.3d 639 (Colo. 2006).

Under Colorado law, the burden of establishing fraud may apply as with Texas law. However, again, Ms. Tomlinson does not concede this point as there may be other avenues of piercing the corporate veil available to her under Colorado law that do not require fraud. Additionally, the standard of clear and convincing evidence appears to apply to all of the elements required under Colorado law. Such a standard exceeds what the law in Oklahoma requires, and places a burden on Plaintiff that is not her due.

### 3. OKLAHOMA VEIL PIERCING LAW.

Under Oklahoma law, it is appropriate to pierce the corporate veil when "one corporation is merely an instrumentality or agent of the other." *Gilbert v. Security Finance Corp. of Oklahoma, Inc.*, 2006 OK 58, 152 P.3d 165, 175. The analysis hinges on whether or not the parent company controls the subsidiary. Id. "Although several [Oklahoma] cases have discussed fraud as a potential basis for ignoring formal corporate identity, it is not necessary that fraudulent intent be present for the alter ego theory to be applied to pierce the corporate veil." *Pennmark Resources Co. v.*

*Oklahoma Corp. Commission*, 2000 OK CIV APP 63, 176 P.3d 1076, 1081. *Penmark* relied on a "substantial evidence" standard, which "is something more than a scintilla and means evidence possessing something of substance and of relevant consequence such as carries with it a fitness to induce conviction." *Pennmark*, 176 P.3d at 1080.

### 4. THE INCREASED BURDEN PLACED ON PLAINTIFF UNDER TEXAS AND COLORADO LAW VIOLATES OKLAHOMA PUBLIC POLICY

In essence, the Defendants' goal is to place a higher evidentiary burden upon Plaintiff in pursuit of her derivative claims against Defendants. Apparently, Defendants believe Plaintiff should be required to prove actual or constructive fraud, or that Plaintiff must meet a clear and convincing burden of proof. No such requirements exist under Oklahoma law. Oklahoma courts have held in similar litigation against foreign insurers, that application of a foreign law that violates Oklahoma public policy will be rejected. (*See, e.g.*, *Bohannan v. Allstate Ins. Co.*, 1991 OK 64, 820 P.2d 787, 797)(provisions of a California policy had to conform to Oklahoma public policy, and provision that violated Oklahoma public policy would not be enforced).

In the present case, Defendants' efforts to apply the law of a foreign jurisdiction concerning Plaintiff's derivative liability claims place burdens upon Plaintiff not provided by Oklahoma law. As a result, Defendants invite this court to violate Oklahoma public policy. Plaintiff's theory against Defendants is not a novel one, and Oklahoma courts have implicitly approved the propriety of Oklahoma based derivative claims against foreign insurers in the past. *See Oliver v. Farmers Insurance Group of Companies*, 1997 OK 71, 941 P.2d 985; and *Campbell v. American International Group, Inc.*, 1999 OK CIV APP 37, 976 P.2d 1102, 1108-1109.

A survey of Oklahoma law indicates the prevailing and consistent stance of the Oklahoma Supreme Court to protect insureds from situations attempted to be imposed by insurers to the financial detriment or damage of the insured: A well-established, clear and compelling public policy is maintenance of an insurer's financial integrity in order that its obligations can be met, *Crain v. National American Insurance Company*, 2002 OK CIV APP 77, 52 P.3d 1035; [2] Policy provisions may be stricken down if they do not conform to the policy of the law, *Hartline v. Hartline*, 2001 OK 15, 39 P.3d 776; Exclusions or clauses in insurance policies that result in a failure to protect the public from financial hardship may be struck down, *Tapp v. Perciful*, 2005 OK 49, 120 P.3d 480; *Alternative Medicine of Tulsa, Inc. v. Cates*, 2006 OK CIV APP 65, 136 P.3d 716.

While the cited cases do not address application of Oklahoma veil piercing law to a foreign insurer in a bad faith case, as this Court noted there is a dearth of Oklahoma case law on this exact point. What these cases do reflect, however, is that the Oklahoma Supreme Court is constantly on guard for insureds in this state. There is no reason to believe that the Oklahoma Supreme Court would not protect an insured from a foreign insurance company attempting to impose an onerous burden on the insured in a bad faith case, just because a choice of law issue was presented. In other words, an attempt by a foreign insurer to require an Oklahoma resident to meet a heightened burden in pursuit of a bad faith claim would be rejected by the Oklahoma Supreme Court.

---

[2] Texas International Life Insurance Company ("TILIC") maintains its incorporation in Texas so as to meet the financial requirements of an insurer in Texas, but does business in Oklahoma while not having to meet the financial requirements of an insurer imposed by the Oklahoma Department of Insurance. TILIC needed a large capital infusion from Austin Insurance Management (TILIC's shareholder for whom TILIC is an alter ego) to remedy gross under-capitalization.

## B. THE OKLAHOMA SUPREME COURT HAS REPEATEDLY APPLIED OKLAHOMA DERIVATIVE LIABILITY THEORIES TO FOREIGN ENTITIES

The Court's Opinion and Order, after noting the choice of law was to be determined by the laws of the forum state (Oklahoma), stated "It appears, however, that Oklahoma courts have not yet addressed the issue of what state's law to apply in determining whether to pierce a corporate veil, as neither the parties nor the Court were able to locate such authority. The Court must therefore decide the conflict of law issue as it believes the Oklahoma Supreme Court would decide it." In determining what the Oklahoma Supreme Court might do, this Court looked for "other indicia of state law". Plaintiff submits there is ample "indicia of [Oklahoma] state law" in the veil piercing cases previously cited by Plaintiff in her Response in Opposition to Defendants' Motion for Choice of Law Determination. (Doc. No. 42).

The cases cited by Plaintiff included: *Frazier v. Bryan Memorial Hospital Authority*, 1989 OK 73, 775 P.2d 281 (Oklahoma veil piercing factors applied to Tennessee corporation); *Oliver v. Farmers Insurance Group of Companies*, 1997 OK 71, 941 P.2d 985, (Oklahoma veil piercing factors applied to Kansas corporation); *Gilbert v. Security Finance Corp. of Oklahoma, Inc.*, 2006 OK 58, 157 P.3d 165 (Oklahoma veil piercing factors applied to South Carolina corporation); and *Thomas v. Vertigo, Inc.*, 1995 OK CIV APP 45, 900 P.2d 458 (Corporate form may be disregarded in interest of justice where it is used to defeat overriding public policy).

As with the Oklahoma cases cited earlier addressing public policy, there is no reason to believe the Oklahoma Supreme Court would deviate from its established stance just because this case involves a bad faith claim and derivative theories of liability. In fact, one could expect the

Oklahoma Supreme Court to be even firmer in applying Oklahoma law in a case involving an Oklahoma resident's bad faith claim against a foreign insurer. Plaintiff contends that if the Oklahoma Supreme Court determined that the law of the state of incorporation of an insurer placed a heightened burden on an Oklahoma resident to establish her bad faith claim- under any theory of recovery- then the Court would not apply the foreign law. Of course, this Court and the parties cannot know this to be true without a ruling by the Oklahoma Supreme Court directly on point. However, Plaintiff can at least attempt to show this Court that past decisions and the public policy advanced by the Oklahoma Supreme Court weigh in her favor. This Court has ruled otherwise, but the Plaintiff respectfully requests this Court to reconsider its decision.

## IV. CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully requests this Court to grant her Motion to Reconsider and rule that Oklahoma law applies to Plaintiff's derivative liability veil piercing claims against the Defendants, and grant all other relief the Court deems just and equitable.

Respectfully submitted,

s/ Eric J. Begin
Eric J. Begin, OBA #15671
Jon D. Starr, OBA #14138
**MCGIVERN, GILLIARD & CURTHOYS**
Post Office Box 2619
Tulsa, Oklahoma 74101-2619
Telephone: (918) 584-3391
Facsimile: (918) 592-2416
*Attorneys for Plaintiff*
ebegin@mcgivernlaw.com
jstarr@mcgivernlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 31st day of August I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Phil R. Richards, OBA #10457
James W. Connors, Jr., OBA #12248
***Attorney for Defendants***
RICHARDS & CONNORS
525 South Main Street, #1250
Tulsa, OK. 74103-4509
Telephone: (918) 585-2394
prichards@richardsconnor.com
   -and-
Joel L. Wohlgemuth, OBA #9811
Jo Lynn Jeter, OBA #20252
NORMAN, WOHLGEMUTH,
 CHANDLER & DOWDELL
401 South Boston, Suite 2900
Tulsa, OK. 74103
jlw@nwcdlaw.com
jlj@nwcdlaw.com
***Co-Counsel for Defendants***

                                              s/ Eric J. Begin