# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TERRI TOMLINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No.  08-CV-259-TCK-FHM |
| vs. ) | |
| ) | |
| **COMBINED UNDERWRITERS LIFE** ) | |
| **INSURANCE COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is Defendant Austin Insurance Management's ("Austin") Motion to Dismiss Bad Faith Claim Only (Doc. 170).

**I.    Background**

This case arises out of a dispute concerning claims submitted under a Cancer and Dread Disease Insurance Policy issued to Plaintiff Terri Tomlinson ("Plaintiff"). On May 9, 2007, Plaintiff filed suit in the District Court for Tulsa County, asserting claims for breach of contract, bad faith, and negligence against Defendants Combined Underwriters Life Insurance Company, Citizens, CICA, National, Texas International Life Insurance Company ("TILIC"), and Actuarial Management Resources, Inc. (collectively "Defendants").[1]  Plaintiff's Petition also asserts:

> The relationship among the Defendants is merely a corporate sham and illusion, and one or more of the Defendants is merely the agent, adjunct, and alter ego of one or more of the remaining Defendants.  By virtue of the overwhelming control exerted over the other entities, the separate corporate veils of the entities should be pierced and disregarded for purposes of this litigation.  Defendants should be treated as one entity for purposes of liability in this action, and all should be held liable for the contractual obligations and torts of their alter egos.

---

[1] Plaintiff later stipulated to dismissal of her negligence claim. (*See* Doc. 54.) Plaintiff also conceded the summary judgment motion of Defendant Actuarial Management Resources, Inc. (*See* Docs. 77, 107, & 131.)

(Pet. § VIII.) Plaintiff's Petition claims compensatory damages in excess of $10,000 and punitive damages in excess of $10,000. (*See* Pet. 4.) This action was removed on May 2, 2008 based on diversity jurisdiction. (*See* Notice of Removal 3.) Thereafter, Plaintiff moved to add Defendant Austin as a party to this suit because she had become aware that Austin was the parent company of Defendant TILIC. Plaintiff therefore claimed that "TILIC is in effect, the alter ego of [A]ustin." (Pl.'s Mot. to Join Party 2.) The Court granted Plaintiff's motion to add Austin as a party to the suit, and Plaintiff subsequently filed an Amended Complaint, wherein Austin was added as a Defendant. No changes were made to Plaintiff's substantive claims.

Austin now moves to dismiss Plaintiff's "bad faith and alter-ego liability claim" for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Austin's Mot. to Dismiss 1.)

**II.     Rule 12(b)(6) Standard**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177. In conducting this inquiry, a court must

"assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Id.*; *see also Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted).

**III.   Analysis**

Austin argues that dismissal of Plaintiff's bad faith and alter-ego liability claim is warranted because the claim was made outside the two-year limitations period applicable to bad faith claims. *See* Okla. Stat. tit. 12, § 95(3); *Gray v. Holman*, 909 P.2d 776, 780 n.8 (Okla. 1005). Specifically, the alleged wrongful acts forming the basis of Plaintiff's Petition occurred between October 7, 2004 through December 29, 2005, when Plaintiff submitted claims to certain Defendants which were allegedly wrongfully denied. After such claims were denied by Defendants, Plaintiff filed formal complaints with the Oklahoma Insurance Department on November 3, 2004; March 8, 2005; and January 2, 2006. Austin therefore argues that even assuming Plaintiff's cause of action for bad faith did not accrue until January 2, 2006, her bad faith claim is still outside the limitations period because she did not seek to add Austin as a party until July 30, 2008. Plaintiff disagrees, maintaining that dismissal is inappropriate because: (1) Federal Rule of Civil Procedure 15(c) ("Rule 15(c)") applies to the instant case, allowing relation back of Plaintiff's Amended Complaint so as to avoid any possible bar by the statute of limitations; and (2) the discovery rule applies to the instant case, additionally avoiding any limitations bar. The Court will address each argument in turn.

3

### A.     Relation Back

Pursuant to Rule 15(c), an amended complaint that adds a new party relates back to the date of the original pleading if: (1) the claim arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the party to be joined received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be joined knew or should have known that, but for a mistake concerning the proper party's identity, the action would have been brought against it; and (4) the second and third requirements outlined above must have been fulfilled within the prescribed period for service of process – *i.e.*, 120 days after the filing of the original complaint under Rule 4(m).  *See* Fed. R. Civ. P. 15(c).  Austin does not dispute that the claims against it arise from conduct set forth in the original complaint.  Rather, Austin argues that Plaintiff does not meet the other requirements because Plaintiff's failure to name Austin in the original Petition does not constitute a "mistake" in identifying the proper parties within the meaning of Rule 15(c).

The Court finds Austin's position well-founded.  "A mistake does not exist just because plaintiff omitted a potentially liable party from the original complaint." *Spicer v. New Image Intern., Inc.*, 447 F. Supp. 2d 1226, 1233 (D. Kan. 2006) (citing *Garrett v. Fleming*, 362 F.2d 692, 696-97 (10th Cir. 2004)).  The Tenth Circuit has stated that a "plaintiff's lack of knowledge of the intended defendant's identify is not a 'mistake concerning the identify of the proper party' within the meaning of Rule 15(c)(3)(B)."  *Garrett*, 362 F.2d at 696; *see Henry v. Fed. Deposit Ins. Corp.*, 168 F.R.D. 55, 59 (D. Kan.1996) (noting where a plaintiff's failure to name a defendant stems from lack of knowledge rather than a mistake in identification, the plain language of Rule 15(c)(3) does not permit relation back).  In *Garrett*, the Tenth Circuit cited the Advisory Committee Notes to Rule 15(c)(3), which stated that the mistake proviso was included "in order to resolve the 'problem of a

misnamed defendant; and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" *Id*. at 696-67 (internal citations omitted).

In this case, Plaintiff claims that she was not aware of Austin's existence prior to discovery. (*See* Pl.'s Resp. to Austin's Mot. to Dismiss 3.) Notably, Plaintiff fails to argue that she mistakenly sued the wrong party and subsequently added Austin in order to "correct a formal defect" in the naming of a defendant. *See Garrett*, 362 F.2d at 696-97. Plaintiff's position is thus identical to that of the plaintiff in *Spicer v. New Image International, Incorporated*, 447 F. Supp. 2d 1226 (D. Kan. 2006), wherein the court rejected application of Rule 15(c) because there was no "mistake" in the identity of the newly added defendant. Specifically, the *Spicer* court found as follows:

> Here, plaintiff does not allege a misnomer or misidentification of the parties. Indeed, plaintiff glosses over the mistake requirement, arguing only that [defendants] have identities of interest, that defendants likely received notice of the suit, and that "but for a mistake in identity, the action would have been brought against [defendants]." Plaintiff's conclusory argument . . . does not identify the nature of the mistake in identity. Plaintiff does not allege that he filed suit against improper parties because of mistake, then later tried to correct that mistake; he apparently just decided to add more defendants as he determined that they might be liable. These are not the circumstances under which Rule 15(c) contemplates relation back to the original complaint. As to [the newly added defendants], plaintiff's second amended complaint does not allege facts which constitute grounds for relation back.

*Id.* at 1233-34. Just like the plaintiff in *Spicer*, Plaintiff glosses over the mistake requirement of Rule 15(c) and does not allege that she filed suit against improper parties because of mistake. Rather, Plaintiff added Austin to this suit after determining that Austin might be liable for the underlying acts at issue. Accordingly, because Plaintiff's lack of knowledge regarding Austin does not constitute a "mistake" pursuant to Rule 15(c), the Court declines to apply the relation back doctrine.

### B.     Discovery Rule

"Typically, a cause of action arises and the statute of limitation begins to run on that cause of action when harm occurs to the plaintiff whether the plaintiff knew of the injury or not." *Weathers v. Fulgenzi*, 884 P.2d 538, 540 (Okla. 1994). "The 'discovery rule,' [however], allows limitation periods in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." *Lester v. Smith*, 198 P.3d 402, 403 (Okla. Civ. App. 2008) (citing *Resolution Trust Co. v. Grant*, 901 P.3d 807 (Okla. 1995)). "The purpose of the discovery rule is to exclude the period of time during which the injured party is reasonably unaware tha[t] an injury has been sustained . . . ." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). The discovery rule "does not apply to a plaintiff who was aware of a wrong done to them." *Weathers*, 884 P.2d at 541.

Austin essentially argues that the discovery rule is inapplicable because Plaintiff was aware of "the wrong done to [her]," *id.*, when she filed her original cause of action. Austin further contends that, even if Plaintiff did not know of its existence at the time of her original suit, "the discovery rule applies to the discovery of the actionable injury, not to the discovery of a potential party." (Austin's Mot. to Dismiss 4.) Plaintiff does not refute the fact that she knew of her injury but argues that the discovery rule applies because she did not know about Austin's existence until April or May 2008.

Notably, Plaintiff does not provide, nor could the Court find, Oklahoma authority applying the discovery rule to the late discovery of a parent company of a named defendant, rather than to the

discovery of an actionable injury.[2] From the outset, therefore, the Court is hesitant to apply the discovery rule to this context.[3] Further, although not controlling precedent, a Texas court has declined to apply the discovery rule to facts similar to those presented here. Specifically, in *Matlock v. McCormick*, 948 S.W.2d 308 (Tex. App. 1997), plaintiff sought to add two defendants after expiration of the statute of limitations, arguing that said defendants were alter egos of named defendants. The *Matlock* court declined to apply the discovery rule and found that plaintiff's claims were time barred. In so finding, the court stated:

> Simply stated, [plaintiff] tries to invoke the tolling provisions of the discovery rule . . . because she was unable to discover within the limitations period that [the newly added defendants] are the alter egos of the [previously named defendants]. While we recognize the difficulties litigants may encounter when trying to unravel a confusing web of corporate structures shielding a defendant, we are unaware of any legal doctrine which tolls limitations while the search continues for the 'true' defendant.

*Id.* at 311.

---

[2] The Court looks to Oklahoma law because, although it previously determined that the law of the state of incorporation applies in determining whether a corporate veil is pierced (*see* August 21, 2009 Order), piercing a corporate veil is not an independent cause of action. *See* William M. Fletcher, *Fletcher Cyclopedia of the Law of Corporations* § 41.10 (stating veil-piercing claims are not claims for substantive relief, but "merely furnis[h] a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation"). The law of the state of incorporation has no bearing on the underlying causes of action – namely, breach of contract and bad faith – and is used solely to determine whether Plaintiff can reach a second corporation by piercing the corporate veil.

[3] In her response brief, Plaintiff cites the Court's April 28, 2009 Order granting her Motion to Join Party as supporting application of the discovery rule to this case ("April 28 Order"). The April 28 Order, however, noted that determination as to the application of the discovery rule was premature and, at that time, the Court was without the benefit of the parties' legal and factual arguments as to this issue.

...

Finally, assuming that the discovery rule applies in this factual circumstance, Plaintiff has not sufficiently demonstrated that her ignorance of Austin's existence was excusable – *i.e.*, that she should not have known of the injury after exercise of reasonable diligence. *See Lester*, 198 P.3d at 403. As argued by Austin, Austin's status as the parent company of TILIC is ascertainable from the Texas Department of Insurance's website. Plaintiff fails to provide any information explaining why she was unable to identify Austin by such means prior to receiving discovery responses in April/May 2008. The Court therefore declines to apply the discovery rule to this case. For the reasons stated herein, Defendant Austin's Motion to Dismiss Bad Faith Claim Only (Doc. 170) is GRANTED.

**ORDERED this 9th day of September, 2009.**

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**