UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRI TOMLINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-259 TCK FHM |
| ) | |
| COMBINED UNDERWRITERS LIFE ) | |
| INSURANCE COMPANY, CITIZENS, ) | |
| INC.; THE CITIZENS, INC. ) | |
| FINANCIAL GROUP; CITIZENS ) | |
| INSURANCE COMPANY OF ) | |
| AMERICA; CITIZENS NATIONAL ) | |
| LIFE INSURANCE COMPANY; ) | |
| TEXAS INTERNATIONAL LIFE ) | |
| INSURANCE COMPANY; and ) | |
| ACTUARIAL MANAGEMENT ) | |
| RESOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO RECONSIDER
AND BRIEF IN SUPPORT**

**COMES NOW**, Plaintiff, Terri Tomlinson, ("Ms. Tomlinson") by and through her attorney of record, Eric J. Begin, of the law firm McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, and for her Reply to Defendants' Response to Plaintiff's Motion to Reconsider Opinion and Order regarding Choice of Law issue, hereby submits the following:

**INTRODUCTION**

This Court's Opinion and Order regarding Choice of Law issue was filed on August 21, 2009. (Court Document 198) Ms. Tomlinson filed her Motion to Reconsider ten days later on August 31, 2009. (Court Document 200). Federal district courts in Oklahoma treat a Motion to Reconsider filed within ten days of the Opinion and Order to be a Motion to Alter or Amend

Judgment pursuant to Fed. R. Civ. P. 59(e). *Choate v. Lemmings,* 2009 WL 2998981 (E.D. Okla.); *Torres v. Cintas Corp.,* 2009 WL 2044796 (N.D. Okla.); *Scott v. DirecTV Customer Services, Inc.,* 2009 WL 1372891 (N.D. Okla.); *Sanders v. Southwestern Bell Telephone,* 2009 WL 1270236 (N.D. Okla.); *Kerr v. UMB Bank,* 2008 WL 687087 (W.D. Okla.); *Beckett-Crabtree v. Hair,* 2007 WL 4379418 (N.D. Okla.); *Garrett v. Endeavor Energy Resources,* 2006 WL 2349960 (N.D. Okla.). The same courts uniformly state the grounds warranting a Rule 59(e) motion as follows: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "Accordingly, when the court has misapprehended the facts, a party's position, or the controlling law, a motion to reconsider is appropriate." *Choate, supra.* Therefore, Ms. Tomlinson's Motion to Reconsider is not procedurally improper.

Ms. Tomlinson's Motion to Reconsider should be construed under the third ground listed above warranting a Rule 59(e) motion, to-wit: the need to correct clear error or prevent manifest injustice. Ms. Tomlinson feels that this Court may have misapprehended her position and the controlling law. This does not mean that Ms. Tomlinson is asserting that this Court did not mean what it said in the Opinion and Order, or that this Court is "just so stupid that you didn't understand the issue." (This quoted language is taken directly from the Defendant's Response (Court Document 209) is clearly off key). Ms. Tomlinson would not disrespect this Court in such a way.

The tenor of the Defendant's Response is an obvious effort to mischaracterize Ms. Tomlinson's position. This Court, in the Opinion and Order, acknowledged that there is no case law directly on point to decide the choice of law issue regarding piercing the corporate veil under the facts of this case. Ms. Tomlinson feels that this Court went through the Choice of Law

analysis under Section 307 of the Restatement (Second) of Conflicts of Laws (the "Restatement") without addressing, at least in the written Opinion and Order, the role that the public policy of the State of Oklahoma, as well as other factors, may have in the Choice of Law.

## I. THE OPINION AND ORDER DID NOT ADDRESS OKLAHOMA PUBLIC POLICY.

The Defendant's argument that Ms. Tomlinson's public policy was addressed by this Court and rejected is inaccurate. The Court's Opinion and Order does not expressly address Oklahoma public policy. Thus, it is appropriate to ask this Court to reconsider its ruling based on the public policy argument. Even the Tenth Circuit Court of Appeals has chosen *not* to apply the rule that the law of the state of incorporation applies to veil piercing claims, when the domiciliary state of the plaintiff has the strongest interest in the outcome of the litigation. *Yoder v. Honeywell, Inc.*, 104 F.3d 1215 (10th Cir. 1997).

In *Yoder*, the Tenth Circuit Court of Appeals addressed a choice of law issue regarding piercing the corporate veil. A Colorado resident brought a products liability action in Federal District Court in New York against a corporation incorporated in Delaware and having its principal place of business in Minnesota. One of the avenues of relief pursued by the plaintiff involved piercing the corporate veil of the defendant. Initially, the court noted that under New York choice of law principles, "the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders." *Yoder*, 104 F.3d at 1220. This meant that the law of Delaware would apply to the corporate veil issue.

However, the court determined that the substantive tort law of Colorado applied to the Colorado resident's product liability claim, and as a result the court questioned whether New York would apply Delaware law to the related issue of piercing the corporate veil. As the court stated:

3

> "Because the substantive tort law of Colorado applied here, however, we question whether New York would apply Delaware law to this related issue."

*Id.* Additionally, the court recognized that "Delaware may require somewhat more to pierce a corporate veil." *Id.* The court held that it would apply Colorado law to the corporate veil issue. Implicit in the court's holding is a recognition of the strong interest Colorado would have in applying Colorado law to all aspects of the Plaintiff's claim. The Court stated, "[C]olorado, as plaintiff's domiciliary and the place where [plaintiff] received the injury, would seem to have the greatest interest in the outcome...." *Id.*

Likewise, in the instant case, the substantive tort law of Oklahoma applies to Ms. Tomlinson's bad faith claim. As in *Yoder*, Ms. Tomlinson's domiciliary state-Oklahoma- has the most interest in the outcome of this litigation. And as Ms. Tomlinson has argued in her Motion to Reconsider, Oklahoma has the most interest because Oklahoma Courts have a long history of protecting insureds in Oklahoma and this is precisely the public policy that Ms. Tomlinson asks this Court to reconsider. *See, e.g., Ball v. Wilshire Insurance Company*, 2009 WL 1679954 (summarizing a number of Oklahoma insurance cases in which public policy was of paramount importance). The Defendants have not once pointed to any authority in Oklahoma that Oklahoma public policy would be other than the position argued by Ms. Tomlinson.

II. **A SIGNIFICANT DISTINCTION EXISTS BETWEEN OKLAHOMA VEIL PIERCING LAW AND THE VEIL PIERCING LAW OF COLORADO AND TEXAS, AND THIS COURT'S OPINION AND ORDER PLACES AN ONEROUS BURDEN ON MS. TOMLINSON THAT WOULD NOT EXIST UNDER OKLAHOMA LAW.**

It is fundamental that a choice of law analysis is not necessary in the first instance unless the laws being analyzed do in fact conflict with each other. *Kovens v. Paul*, 2009 WL 562280 (S.D. N.Y.). Therefore, it follows that there must have be a significant conflict between

4

Oklahoma veil piercing law and the veil piercing law of Texas and Colorado for there to be a choice of law issue in the first place.

The Defendants argue that under Oklahoma, Colorado and Texas law, fraud must be shown by a plaintiff seeking to pierce the corporate veil. With this argument, the Defendants attempt to dodge the fact that applying Texas or Colorado law to Ms. Tomlinson's veil piercing theory does in fact place an onerous burden on Ms. Tomlinson that would not exist if Oklahoma law applied. This fact is made clear in *Pennmark Resources Company v. Oklahoma Corporation Commission*, 6 P.3d 1076, 1081 (Okla. Civ. App. 2000).

In *Pennmark*, the plaintiff originally pursued a claim before the Oklahoma Corporation Commission in which the plaintiff sought to establish evidence to pierce the corporate veil of an oilfield operator. The Corporation Commission denied the claim and the plaintiff appealed. On appeal, the court noted that the operator's motive was not determinative when analyzing whether the corporate veil should be pierced. As the court stated, "although several cases have discussed fraud as a potential basis for ignoring formal corporate identity, it is not necessary for fraudulent intent to be present for the alter-ego theory to be applied to pierce the corporate veil." *Pennmark*, 6 P.3d at 1081.

Thus, the Defendant's contention that fraud must be shown in order to pierce the corporate veil under Oklahoma law is not correct. In fact, Ms. Tomlinson would not need to produce evidence of fraud under Oklahoma law to pierce the corporate veil of the Defendants. And, again, this goes to the heart of Ms. Tomlinson's public policy argument. Oklahoma Courts, analyzing Oklahoma public policy, would not allow a foreign corporation to conduct insurance business in the State of Oklahoma through wholly owned subsidiaries (such as Defendants Texas International Life Insurance Company ("TILIC"), CICA Life Insurance Company ("CICA") or

Citizens National Life Insurance Company ("CNLIC") in the instant case) and then hide behind the laws of a foreign jurisdiction to make more difficult a plaintiff's attempt to recover for bad faith.

### III. BECAUSE THIS COURT APPLIED SECTION 307 OF THE RESTATEMENT (SECOND) OF CONFLICTS OF LAW, SECTION 306 SHOULD HAVE BEEN CONSIDERED AS MORE ON POINT TO THE ISSUE PRESENTED.

A significant fact in the instant case is that Defendant Austin Insurance Management ("AIM") is the parent holding company and 100% owner of TILIC. Likewise, CICA is the 100% owner of CNLIC, and Citizens Inc. is the parent holding company and 100% owner of CICA. In other words, these subsidiaries have one shareholder each.

Section 306 of the Restatement, instead of Section 307, applies when a corporation has a single shareholder. Section 306 is entitled "Liability of Majority Shareholder" and states:

> "The obligations owed by a *majority* shareholder to the corporation and to the minority shareholders will be determined by the local law of the state of incorporation, *except in the unusual case where, with respect to the particular issue, some other state has a more significant relationship under the principles stated in Section 6 to the parties and the corporation, in which event the local law of the other state will be applied.*"

Restatement (Second) of Conflicts of Law, Section 306 (1971). (emphasis added.) The distinction between Section 306 and Section 307 was addressed in *Foster v. Berwind Corporation*, 1991 WL 21666, (E.D. Penn).

In *Foster*, the Insurance Commissioner for the State of Pennsylvania attempted to hold a parent company liable for the obligations of its defunct subsidiary. In order to do this, the plaintiff attempted to pierce the corporate veil of the subsidiary to attach liability to the parent company. The defendant argued that the law of the place of incorporation of the defendant should apply to the veil piercing claim. The defendant relied on Section 307 of Restatement for

6

the proposition that the local law of the state of incorporation applies to a veil piercing claim. The court disagreed and instead applied Section 306, stating that Section 306 applied because the parent company was the sole shareholder of the subsidiary and the place of incorporation of the subsidiary did not have the dominant interest in determination of the lawsuit. Under the Section 306 analysis, the law of the plaintiff's domiciliary state applied to the veil piercing claim, and the domiciliary state had the dominant interest in the outcome of the litigation.

Likewise, in *Curiale v. Tiber Holding Corporation*, 1997 WL 597 (E.D. Penn.), the court faced a choice of law issue regarding a veil piercing claim against a parent holding corporation who was the majority owner of a subsidiary against which the plaintiff had previously obtained a judgment. The court analyzed the choice of law issue under Section 306, as opposed to Section 307. The court concluded that the law of the plaintiff's domiciliary state controlled the veil piercing claim.[1]

Because this Court applied Section 307 to the choice of law issue regarding veil piercing, Ms. Tomlinson requests this Court to reconsider, and instead apply Section 306. Section 306 is more applicable to the facts of this case, because TILIC, CNLIC, and CICA have only one shareholder each who owns 100% percent of their stock and the parent entities are also Defendants in this case. Section 306, rather than Section 307, controls obligations of majority shareholders, or parent holding companies that own 100% of their subsidiaries. Under a Section 306 analysis, as discussed above, the law of Ms. Tomlinson's domiciliary state-Oklahoma-should apply to the veil piercing claim.

---

[1] The Tenth Circuit Court of Appeals has recognized the two different rules regarding choice of law in a veil piercing claim, noting that there is authority for applying the law of the state whose substantive law applies to the case generally. *Cascade Energy and Metals Corporation v. Banks*, 896 F.2d 1557 n.18 (10th Cir. 1990)

7

## **CONCLUSION**

The Defendants spend their Response to Ms. Tomlinson's Motion to Reconsider arguing that Ms. Tomlinson is simply rehashing old arguments and has not met the burden for reconsideration, namely: that there has been a misapprehension of Ms. Tomlinson's position and the controlling law, leading to clear error and the potential for manifest injustice. However, Ms. Tomlinson has met this burden, and specifically has shown this Court three grounds for reconsideration: (1) that this Court's Opinion and Order did not address Oklahoma public policy, which would lean in favor of applying Oklahoma law to the veil piercing theory; (2) that application of Colorado or Texas law imposes upon Ms. Tomlinson an onerous burden that would not exist under Oklahoma law- proof of fraud- to establish her veil piercing theory, and this could result in manifest injustice to Ms. Tomlinson, and; (3) that because this Court looked to Section 307 of the Restatement (Second) of Conflicts of Laws, this Court should also consider Section 306, which is more applicable under the facts of this case. On these grounds, therefore, Ms. Tomlinson has established a valid reason to seek reconsideration of this Court's Opinion and Order

WHEREFORE, premises considered, Plaintiff respectfully requests this Court to agree to reconsider its Opinion and Order, and in so doing determine that Oklahoma law applies to Plaintiff's veil piercing theory.

8

        Respectfully submitted,

        s/ Eric J. Begin
        Eric J. Begin, OBA #15671
        Jon D. Starr, OBA #14138
        **MCGIVERN, GILLIARD & CURTHOYS**
        Post Office Box 2619
        Tulsa, Oklahoma 74101-2619
        Telephone: (918) 584-3391
        Facsimile: (918) 592-2416
        *Attorneys for Plaintiff*
        ebegin@mcgivernlaw.com
        jstarr@mcgivernlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2009, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Phil R. Richards
Mr. Jim Connors
Richards & Connors
525 South Main Street, #1250
Tulsa, OK. 74103-4509
prichards@richardsconnor.com
jconnor@richardsconnor.com

  -and-

Joel L. Wohlgemuth
Jo Lynn Jeter
Ryan A. Ray
NORMAN, WOHLGEMUTH,
  CHANDLER & DOWDELL
401 South Boston, Suite 2900
Tulsa, OK. 74103
jlw@nwcdlaw.com
jlj@nwcdlaw.com
rar@nwcdlaw.com
*Attorneys for Defendants*

        s/ Eric J. Begin

9