# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TERRI TOMLINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.  08-CV-259-TCK-FHM** |
| **vs.** | ) | |
| | ) | |
| **COMBINED UNDERWRITERS LIFE** | ) | |
| **INSURANCE COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Reconsider (Doc. 200), wherein Plaintiff requests that the Court reconsider its Opinion and Order granting the Motion for Choice of Law Determination ("Choice of Law Order") filed by Defendants Citizens, Inc. Financial Group, Citizens Insurance Company of America, and Citizens National Life Insurance Company (collectively "Citizens Defendants").

## I.     Factual Background

This case arises out of a dispute concerning claims submitted under a Cancer and Dread Disease Insurance Policy issued to Plaintiff Terri Tomlinson ("Plaintiff").  On May 9, 2007, Plaintiff filed suit in the District Court for Tulsa County, asserting claims for breach of contract, bad faith, and negligence against Defendants Combined Underwriters Life Insurance Company; Citizens, Inc. Financial Group; Citizens Insurance Company of America; Citizens National Life Insurance Company; Texas International Life Insurance Company; and Actuarial Management Resources, Inc.[1] Plaintiff's Petition also asserts that:

---

[1]  Plaintiff later stipulated to dismissal of her negligence claim.  (*See* Doc. 54.)  Plaintiff also conceded the summary judgment motion of Defendant Actuarial Management Resources, Inc. (*See* Docs. 77, 107, & 131.)

> The relationship among the Defendants is merely a corporate sham and illusion, and one or more of the Defendants is merely the agent, adjunct, and alter ego of one or more of the remaining Defendants.  By virtue of the overwhelming control exerted over the other entities, the separate corporate veils of the entities should be pierced and disregarded for purposes of this litigation.  Defendants should be treated as one entity for purposes of liability in this action, and all should be held liable for the contractual obligations and torts of their alter egos.

(Pet. § VIII.)  Plaintiff's Petition claims compensatory damages in excess of $10,000 and punitive damages in excess of $10,000.  (*See* Pet. 4.)  This action was removed on May 2, 2008 based on diversity jurisdiction.  (*See* Notice of Removal 3.)  Thereafter, the Court granted Plaintiff's motion to add Defendant Austin Insurance Management ("Austin") as a party to this suit, and Plaintiff subsequently filed an Amended Complaint adding Austin as a Defendant.  No changes were made to Plaintiff's substantive claims.

## II.     Choice of Law Order

Citizen Defendants previously moved the Court for a summary declaration that Plaintiff's derivative liability claims be governed by the state of incorporation of each respective Defendant ("Choice of Law Motion").  Plaintiff objected, arguing that the Court should instead apply Oklahoma law to all of her derivative liability claims.  In ruling on the Choice of Law Motion, the Court noted that the choice of law analysis was determined by the laws of Oklahoma, the forum state.  The Court additionally observed that Oklahoma courts have not yet directly addressed the question presented in the Choice of Law Motion – namely, whether Plaintiff's veil-piercing claims should be governed by Oklahoma law or by the law of Defendants' states of incorporation.  The Court therefore decided the choice of law question as it believed the Oklahoma Supreme Court would decide the issue.

In doing so, the Court first looked to Section 307 of Restatement (Second) of Conflicts of Laws ("§ 307"),[2] noting that many jurisdictions have held that, based on § 307, the law of the state of incorporation governs veil-piercing claims.  (*See* 8/21/09 Order at 3-4 (citing relevant cases).) The Court additionally reasoned that although Oklahoma courts have not addressed application of § 307 in the veil-piercing context, Oklahoma courts have previously followed other provisions of the Restatement (Second) of Conflicts of Laws.  (*See id.* at 4 (citing relevant cases).)  The Court therefore concluded that because Oklahoma courts have followed the Restatement (Second) of Conflicts of Laws in other circumstances, the Oklahoma Supreme Court would likely follow § 307 in holding that the state of incorporation's law applies to issues of piercing the corporate veil.  The Court found additional support for its holding in the fact that the vast majority of jurisdictions addressing this question have applied the law of the state of incorporation to veil-piercing claims. (*See id.* at 5-6 (citing relevant cases).)

## III.   Motion to Reconsider

Plaintiff now moves the Court to reconsider its Choice of Law Order.  "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'"  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  The Court treats Plaintiff's Motion to Reconsider as arising under Federal Rule of Civil Procedure 54(b) because the underlying opinion and order is not a final order or judgment.  *See Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). The Court may, however, apply the legal standards applicable to a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  *See, e.g., Official Comm. of Unsecured*

---

[2]   Section 307 states as follows:  "The local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation for assessments or contributions and to its creditors for corporate debts."

*Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 167 (2d Cir. 2003).  A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000).  Plaintiff asserts that reversal of the Court's Choice of Law Order is necessary to "correct clear error or prevent manifest injustice." (*See* Reply in Support of Pl.'s Mot. to Reconsider 2.)

In support of her motion, Plaintiff first argues that application of Texas and Colorado veil-piercing law violates Oklahoma public policy because Texas and Colorado law impose a more onerous burden on Plaintiff.   Plaintiff cites various policy statements from *Crain v. National American Insurance Company*, 52 P.2d 1035 (Okla. Civ. App. 2002), *Hartline v. Hartline*, 39 P.3d 765 (Okla. 2001), *Tapp v. Perciful*, 120 P.3d 480 (Okla. 2005), and *Alternative Medicine of Tulsa, Inc v. Cates*, 136 P.3d 716 (Okla. Civ. App. 2006).[3]  As admitted by Plaintiff, these cases do not specifically address application of Oklahoma veil-piercing law to a foreign insurer in a bad faith

---

[3]  *Crain* recognized the "clear and compelling public policy goal of maintaining the financial integrity of an insurance company so it can fulfill its critical function of protecting the public." *Crain*, 52 P.2d at 1042.  *Hartline* noted the general proposition that even "in the absence of a violation of a law's express provision, an exclusion may nonetheless be invalid for nonconformity to the policy of the law," and specifically found that "insurance policy clauses which operate to deny coverage to the general public are void as contrary to statutorily articulated public policy."  *Hartline*, 39 P.3d at 771-72.  *Tapp* and *Alternative Medicine of Tulsa* discussed the policy behind mandatory liability insurance laws.  In *Tapp,* the court found that exclusions in an insurance policy, which denied coverage to a class of insured and limited the minimum coverage required by the compulsory liability insurance statutes, were in violation of such policy.  *Tapp*, 120 P.3d 484-85.  The court in *Alternative Medicine of Tulsa* cited this same public policy in striking down a "named-driver exclusion" that denied uninsured motorist coverage to "innocent third-party passengers."  *Alternative Medicine of Tulsa*, 136 P.3d at 718.

4

case.  (*See* Pl.'s Mot. to Reconsider 6.)  Plaintiff instead argues that these cases demonstrate that "the Oklahoma Supreme Court is constantly on guard for insureds in this state."  (Pl.'s Mot. to Reconsider 6.)  The Court finds this general assertion to be an insufficient statement of public policy so as to prohibit application of the law of Defendants' states of incorporation in this case.  In contrast to the general policy assertion provided by Plaintiff, the cases cited by Plaintiff involve clear and well-established statements of public policy derived directly from statutory and/or case law.  Absent such a statement of public policy in this case, the Court declines to reverse its ruling with regard to the choice of law determination at hand.

The Court also finds Plaintiff's citation to *Yoder v. Honeywell, Inc.*, 104 F.3d 1215 (10th Cir. 1997), distinguishable.  In *Yoder*, the Tenth Circuit performed a choice of law analysis according to the laws of New York. The court found that Colorado law governed the substantive torts at issue, but that under New York law, "the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders."  *Id.* at 1220.  Because the defendant was incorporated in Delaware, the court noted that application of Delaware law to the veil-piercing issue would be appropriate.  However, the Court concluded that its "review of Delaware law indicates that it is similar to Colorado," and therefore applied Colorado law to the veil-piercing question since it already governed the substantive torts at issue.  *Id.*  In this case, however, Plaintiff vehemently argues that the veil-piercing law of Texas and Colorado differs substantially from that of Oklahoma, and, in fact, imposes a more onerous burden on her.  (*See* Pl.'s Mot. To Reconsider 2-5; Pl.s Reply in Support of Mot. to Reconsider 4-6.)  *Yoder* is therefore inapplicable to this case.  Further, the *Yoder* court was not applying Oklahoma choice of law analysis to the veil-piercing issue, but was instead looking to New York law.

5

Second, Plaintiff contends the Oklahoma Supreme Court has implicitly suggested that Oklahoma veil-piercing law applies to foreign entities.  (*See* Pl.'s Mot. To Reconsider 7-8.)  The Court is not persuaded by the cases cited by Plaintiff, however.  Although Plaintiff argues that these cases appear to apply Oklahoma law to the piercing of foreign corporations, none of these cases contain <u>any</u> discussion of choice of law principles nor explain why they used Oklahoma law.  The Court is therefore without any information as to the basis for the application of Oklahoma law and whether citation to such law was the result of case-specific facts – for example, whether the parties stipulated to the application of Oklahoma law, whether the contract at issue contained a choice of law provision, whether either party argued for application of another jurisdiction's law, etc.  These cases therefore do not persuade the Court that, faced with the precise question currently before this Court, the Oklahoma Supreme Court would apply Oklahoma law to Plaintiff's veil-piercing claims. *See Dassault Falcon Jet Corp. v. Oberflex, Inc*., 909 F. Supp. 345, 349 (M.D.N.C. 1995) (rejecting argument that court should apply North Carolina law to veil-piercing claim due to fact that North Carolina state court decision appeared to apply North Carolina law to the piercing of a Florida corporation because said decision never discussed choice of law issues or explained why it used North Carolina law and was therefore "not applicable to the issues at hand").[4]

---

[4] In her reply brief, Plaintiff also requests that the Court consider applying the exception of Restatement (Second) of Conflicts of Law Section 306 ("§ 306 ") instead of § 307. Section 306 states as follows:

> The obligations owed by a majority shareholder to the corporation and to the minority shareholders will be determined by the local law of the state of incorporation, *except in the unusual case where, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the parties and the corporation, in which event the local law of the other state will be applied.*

**IV.     Conclusion**

For the reasons stated herein, Plaintiff's Motion to Reconsider (Doc. 200) is DENIED.


**SO ORDERED this 17th day of February, 2010.**


_____

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

(emphasis added).  Plaintiff cites two unpublished cases from the Eastern District of
Pennsylvania in support of said request.  (*See* Pl.'s Reply in Support of Mot. to Reconsider
(citing *Foster v. Berwind Corp.*, No. 90-0857, 1991 WL 21666 (E.D. Pa. 1991) and *Curiale v.
Tiber Holding Corp.*, No. 95-5284, 1997 WL 597944 (E.D. Pa. 1997).)  The Court is not
persuaded by these citations, however.  In both cases, the courts found that the exception of §
306 applied based on the specific facts before them.  Specifically, in both cases, the relevant
state of incorporation was Bermuda, but the corporations at issue were not permitted to do
business in Bermuda.  The courts therefore determined that special circumstances existed where
"some other state ha[d] a more significant relationship" to the case than did Bermuda.  Such
circumstances do not exist in this case.

7